Marlan E. BOURNS, doing business under the fictitious firm name and style of Bourns Laboratories, Plaintiffs,

v.

EDCLIFF INSTRUMENTS, Edmund W. Pitzer, and Clifford Dillon, Defendants.

Civ. No. 14764.

United States District Court
S. D. California, Central Division.

July 15, 1954.

Lyon & Lyon, by Lewis E. Lyon and R. Douglas Lyon, Los Angeles, Cal., for plaintiff.

Gibson, Dunn & Crutcher, by Glenn Warner, Los Angeles, Cal., for defendants.

YANKWICH, Chief Judge.

Action for infringement of patent No. 2,515,981, issued to M. E. Bourns on July 18, 1950. The defendants have denied infringement and have attacked the validity of the patent. No claim of invention by them is asserted by the defendants. Their challenge of the validity of the patent is based on claimed anticipation.

**I**

The Validity of the Patent in Suit.

The issues, as narrowed by the proof, concern the validity of the single claim of the patent, which reads:

"An adjustable resistor comprising a base having a groove therein, a shaft reciprocably mounted in said groove, a post mounted transversely to said shaft and slidable back and forth in said groove, a resilient contact place secured to said post, a cover mounted to said base over said groove, an elongate resistance element and an electrically conductive elongate strip disposed parallel and mounted to the inner face of said cover and engaging the ends of said resilient plate, a pair of ter-

minals passing thru and secured in said cover, the inner ends of said terminals being electrically attached to said element ends, and a third terminal passing thru and secured to said cover and electrically attached to said elongate strip."

The invention is denominated an "adjustable resistor", and is known in industry as a "potentiometer."

The inventor has illustrated his invention in two embodiments. *(See illustrations.)* The validity of the claim is challenged. The challenge lacks merit.

**July 18, 1950**                M. E. BOURNS                **2,515,981**
ADJUSTABLE RESISTOR

Original Filed Feb. 20, 1948                2 Sheets—Sheet 1

INVENTOR.
*MARLAN E. BOURNS*
BY
*Oscar & Waddell*

*ATTORNEY*

July 18, 1950      M. E. BOURNS      2,515,981

ADJUSTABLE RESISTOR

Original Filed Feb. 20, 1948      2 Sheets-Sheet 2

*Fig. 8.*

*Fig. 6.*

*Fig. 7.*

*Fig. 9.*

INVENTOR.
MARLAN E. BOURNS
BY Oscar B. Waddell
ATTORNEY

A potentiometer is an electro-mechanical device containing a resistance element that is contacted by a movable slider. (See F. E. Dole, Potentiometers in "Components Handbook," ed. by John F. Blackburn, 1949.) The patented device is a linear type.

The problem which confronted the art is stated in the specifications in this manner:

"This invention relates to adjustable resistors, and more particularly to adjustable resistors which must respond precisely and without am-

biguity to the means which actuates the movable slider. This is a division of application Serial No. 9,697 filed February 20, 1948."

■ The problem was met by the inventor by providing (a) an adjustable resistor of simple structure that would respond with precision to an adjustable post or slider, (b) that would achieve contact in the same position at all times, and (c) that could be assembled easily and when assembled, carry out its complete function without disconnecting wires or disconnecting elements necessarily associated with the structure in its completed form. This is invention over the prior art, whether it be considered in the light of the standards established by the 1952 revision and codification of the patent law or by the law as declared in decisions prior to the revision. 35 U.S.C.A. §§ 101–103; Pointer v. Six Wheel Corp., 9 Cir., 1949, 177 F.2d 153, 159–161; Watson v. Heil, 4 Cir., 1951, 192 F.2d 982, 985; Jeoffroy Mfg., Inc., v. Graham, 5 Cir., 1953, 206 F. 2d 772, 776–777; Application of O'Keefe, 1953, 202 F.2d 767, 771–772, 40 C.C.P.A., Patents, 879; and see Kwikset Locks, Inc., v. Hillgren, 9 Cir., 1954, 210 F.2d 483, 485–486. The result achieved is admittedly superior, and, as one of the defendants' own experts testified, the patented device is easier and more economical to construct. The defendants have pressed upon us a group of patents which they claim anticipate the patent in suit. Two of these, 2,242,327 (Rubinstein) and 2,306,152 (Batcheller) were the references considered by the patent office. The patents referred to by the defendants are, in the order of issuance:

| Number | Name | Date |
|---|---|---|
| 954,518 | Keip | April 12, 1910 |
| 1,004,460 | Newton | Sept. 26, 1911 |
| 1,539,266 | Mountford | Dec. 29, 1922 |
| 2,125,219 | Campbell | July 26, 1938 |
| 2,178,241 | Rubinstein | Oct. 31, 1939 |
| 2,242,327 | Rubinstein | May 20, 1941 |
| 2,273,760 | Nelson | Feb. 17, 1942 |
| 2,280,305 | Schauer | April 21, 1942 |
| 2,306,152 | Batcheller | Dec. 22, 1942 |
| 2,420,807 | Aufiero | May 20, 1947 |

Of these, only the two Rubinstein patents and the Mountford patent relate to the subject matter of the patent in suit,— that is, "variable resistance". The others relate to a variety of electronic devices ranging from therapeutic lamps (Newton) to volume control of hearing aids (Schauer).

■ The essential elements of the present invention, as claimed, are not found in this prior art, either in the same or in other combinations. The defendants seem to find the greatest similarity to the patent in suit in Rubinstein patent No. 2,242,327. But even as to it, it is not asserted that the single claim in the present patent is anticipated by the claims or specifications of the Rubinstein patent. All that is claimed is that one of the illustrations of the device in the Rubinstein patent is similar to one of the embodiments of the patent in suit. Drawings may anticipate a patent, if they teach what the patentee claims as his invention. See Des Rosiers v. Ford Motor Co., 1 Cir., 1944, 143 F.2d 907, 911–912. However, unless the drawings specifically limit the scope of an invention, they are merely illustrative. See Permutit Co. v. Graver Corp., 1931, 284 U.S. 52, 60, 52 S.Ct. 53, 76 L.Ed. 163. The specifications may limit the claims. Schnitzer v. California Corrugated Culvert Company, 9 Cir., 1944, 140 F.2d 275, 276; Kemart Corp. v. Printing Arts Research Laboratories, Inc., 9 Cir., 1953, 201 F.2d 624, 629. However, because "the claim is the measure of the grant",—Universal Oil Products Co. v. Globe Oil & Refining Co., 1949, 322 U.S. 471, 484, 64 S.Ct. 1110, 1116, 88 L.Ed. 1399,—the inventor is entitled to the full scope of his claim, regardless of the manner in which he may have sought to illustrate the embodiment in a drawing. Indeed, Rubinstein says specifically:

"While I have shown and described two constructions in which the invention may be advantageously embodied, it is to be understood that the constructions shown have been selected merely for the purpose of illustration or example and that

various changes in the size, shape and arrangement of the parts may be made without departing from the spirit of the invention or the scope of the subjoined claims."

The patent in suit states:

"Two embodiments of the invention described generally above have been illustrated in the drawings, * * *."

The inventor has not limited himself to them, nor has he excluded others.

■ To be anticipatory, a patent or a publication must, to use the language of Judge Learned Hand:

"bear within its four corners adequate directions for the practice of the patent invalidated. If the earlier disclosure offers no more than a starting point for further experiments, if its teaching will sometimes succeed and sometimes fail, if it does not inform the art without more how to practice the new invention, it has not correspondingly enriched the store of common knowledge, and it is not an anticipation."

Dewey & Almy Chemical Co. v. Mimex Co., 2 Cir., 1942, 124 F.2d 986, 989.

And see, Lincoln Stores, Inc., v. Nashua Mfg. Co., 1 Cir., 1946, 157 F.2d 154, 160.

■ If the prior patent does not solve the problem which the subsequent patent solved ultimately, there is no anticipation. See Williams Iron Works Co. v. Hughes Tool Co., 10 Cir., 1940, 109 F.2d 500, 510; Lincoln Stores, Inc., v. Nashua Mfg. Co., supra, 157 F.2d at page 160. And that is exactly the situation here.

It follows that the patent is valid and infringed by the defendants' devices enumerated in the separate Order to be filed with this Opinion.

## II

### The Claim of Unfair Competition.

■ The plaintiff has not shown any legal grounds for relief for unfair competition. The defendants' instruments are all marked plainly with the name of their company. There has been no confusion of source. The single questionable incident was explained satisfactorily. See Restatement, Torts, Sec. 728, Comment (a); and see the writer's opinion in Palmer v. Gulf Publishing Co., D.C.Cal.1948, 79 F.Supp. 731, 737–738. The claim that the defendant Edmund W. Pitzer, while in the employ of the plaintiff, learned the names of his customers and the sources of supply for his materials, and that he later appropriated these "trade secrets" is not supported by the record. The use of potentiometers being limited almost entirely to airplane manufacturers working in the field of guided missiles and constructing chiefly for the United States Government, it follows that anyone entering the field would, *of necessity*, approach and solicit these suppliers. The use of certain precious metals in the making of the patented device was known to the industry and disclosed by information supplied by the Research Departments of certain Government Agencies to persons interested in the field. So, granting that a case of unfair competition may arise from disclosure of secret practices, see DuPont de Nemours Powder Co. v. Masland, 1917, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016; Riess v. Sanford, 1941, 47 Cal.App.2d 244, 246–247, 117 P.2d 694; Smith v. Dravo Corp., 7 Cir., 1953, 203 F.2d 369, 376–377, the facts here do not support such a claim. See Restatement, Torts, Sec. 757, Comment (b); Mycalex Corp. of America v. Pemco Corp., 4 Cir., 1947, 159 F.2d 907, 912–913; Pagliero v. Wallace China Co., 9 Cir., 1952, 198 F.2d 339, 343–344; Continental Car-Na-Var Corp. v. Moseley, 1944, 24 Cal.2d 104, 110, 148 P.2d 9; Aetna Building Maintenance Co. v. West, 1952, 39 Cal.2d 198, 204–206, 246 P.2d 11.

In sum, the defendants deliberately set out to appropriate the plaintiff's patent in a field in which they had very little, if any, knowledge or experience. No previous inventive faculty is claimed by any of the persons composing the

defendant corporation. However, such information as the defendants acquired through Pitzer about customers and materials were matters of general knowledge in the industry and cannot be turned into "trade secrets", either by the fiat of the plaintiff or by any clauses in the contract of employment with Pitzer. See Avocado Sales Co. v. Wyse, 1932, 122 Cal.App. 627, 634–636, 10 P.2d 485; DeLuxe Box Lunch & Catering Co. v. Black, 1948, 86 Cal.App.2d 434, 438–439, 194 P.2d 715.

Judgment for the plaintiff. The specific terms to be set forth in a separate Order filed with this Opinion.