[L. A. No. 25250.  In Bank.  Nov. 6, 1959.]

VAN M. GRIFFITH, Appellant, v. DEPARTMENT OF
PUBLIC WORKS OF THE STATE OF CALIFORNIA
et al., Respondents.

849

Arthur E. Briggs for Appellant.

George C. Hadley, George W. Miley, Charles E. Spencer, Jr., Roger Arnebergh, City Attorney, Burke Jones, Assistant City Attorney, and Claude E. Hilker, Deputy City Attorney, for Respondents.

SCHAUER, J.—Plaintiff appeals from a summary judgment for defendants[1] in an action filed by plaintiff in April, 1955, in his capacity as a resident, citizen and taxpayer of the city of Los Angeles, and as the owner of a contingent remainder interest in real property known as "Griffith Park." Part of Griffith Park was granted to the city of Los Angeles by plaintiff's parents for use as a public park only, and part of it was acquired by the city by purchase from the estate of such parents "for park and playground purposes." Plaintiff by his complaint sought in his first cause of action to enjoin defendants from constructing a freeway through Griffith Park, and in his second cause of action asked declaratory relief. We have concluded that the trial court was correct in its determination that defendants' motions for summary judgment should be granted, and that such judgment should be affirmed.

Following filing of plaintiff's action, demurrers to the complaint were sustained without leave to amend, but the result-

[1]There are two groups of defendants: (1) The Department of Public Works of the State of California, the Director of Public Works, and the members of the California Highway Commission; these defendants will for convenience be referred to as the State defendants. (2) The City of Los Angeles and the members of the city council, who will be referred to as the City defendants. The State of California was not named as a defendant.

ing judgment for defendants was reversed in *Griffith* v. *Department of Public Works* (1956), 141 Cal.App.2d 376 [296 P.2d 838]. Defendants then answered and moved for a summary judgment. Uncontradicted affidavits filed in support of the motion show that the interests of both the city of Los Angeles and plaintiff Griffith in the park lands in question were being condemned by the State of California in a separate action commenced subsequent to the instant action, that the state was let into immediate possession, and that the freeway, "entirely a project of the State of California, being . . . financed solely by the State," was virtually completed at the time the affidavits were filed (May, 1957). The trial court concluded that the prayed for injunction against constructing the freeway would now be useless and in August, 1957, granted the State defendants' motion for summary judgment on both causes of action, and also granted the City defendants' motion as to the first cause. With respect to the second cause of action the court ordered the motions denied as to the City defendants if the plaintiff within fifteen days filed an amended and supplemental complaint for declaratory relief, but granted if plaintiff failed to file such complaint within the time allowed. Plaintiff did not so file, and judgment was entered "that the plaintiff's complaint is without merit and that the said complaint be dismissed. . . ." This appeal by plaintiff followed.

The complaint alleges, among other things, that plaintiff is a resident and taxpayer of defendant city of Los Angeles and that he is the son of Griffith Jenkins Griffith and Mary Christiana Griffith, both now deceased, who conveyed certain lands to defendant city in trust to be used as a public park; that the conveyance was made upon the condition that the lands be used by defendant city and its successors in interest exclusively as a public park and provided that whenever the lands or any part thereof "shall cease to be used as a park . . . then the lands hereby conveyed shall immediately . . . revert to [the grantors] . . . or their heirs"; that defendant city accepted the gift and dedicated the lands as a public park.

The complaint also alleges that defendant city purchased an additional adjoining 350 acres from the estate of plaintiff's parents and that such additional land was also dedicated for park purposes; that the lands acquired by the city from plaintiff's parents are known as Griffith Park.

The complaint then alleges that "the defendants all work-

ing in conjunction with each other intend to and will unless restrained" divert a portion of the above mentioned lands from the dedicated use for use as a freeway; that the use of the park lands for a freeway "will violate the trust upon which said property is held by the City of Los Angeles." The complaint also alleges that, under section 170 of the city charter (Stats. 1947, p. 3536), the park lands are under the management and control of the Board of Recreation and Park Commissioners of the city of Los Angeles and may not be used for non-park purposes without the authorization of that board; that the board has objected to the proposed diversion of the park lands for use as a freeway and that the proposed diversion would therefore be in violation of the city charter and "an illegal waste of and injury to the property of the City of Los Angeles."

As a second cause of action the complaint further alleges that "an actual controversy has arisen and now exists between the parties to this action concerning the right of defendants to construct a freeway [through Griffith Park] . . . in that the defendants contend that they have a right to devote a portion of Griffith Park to a public freeway regardless [of the limitations contained in the deed from plaintiff's parents] . . . and . . . without the consent . . . of the Board of Recreation and Park Commissioners of the City of Los Angeles, [whereas] the plaintiff contends [to the contrary] . . ."

The prayer is for an injunction "restraining and enjoining the defendants, and each of them, from building and constructing the freeway upon the Griffith Park land," and that the court "find and determine that the land granted to the City of Los Angeles by [plaintiff's parents] . . . may not be used as a public freeway and that other park lands may not be used for a freeway without the consent of the Board of Recreation and Park Commissioners of the City of Los Angeles."

As indicated above, demurrers to the complaint were sustained without leave to amend but the ensuing judgment for defendants was reversed in *Griffith* v. *Department of Public Works* (1956), *supra*, 141 Cal.App.2d 376, the court stating (at p. 381 [1b]) that "If the plaintiff can establish the truth of the allegations made, which amount to charges of collusion and conspiracy on the part of city and state officers to divert dedicated park property to freeway use, in violation of the original grant and of the city charter, and the other allega-

tions, a case has been made out which would seem to justify the relief prayed for.''

Upon remand defendants answered and filed motions for summary judgment. Numerous affidavits were filed in support of and in opposition to the motions and in August, 1957, the trial court filed the following order: ''The motions for summary judgment of [the State] defendants, . . . are granted.

''The motions for summary judgment of the [City] defendants . . . are granted as to the first [for injunction against construction of freeway] cause of action set forth in the complaint; and they are denied as to the second [for declaratory relief] cause of action if the plaintiff desires to and shall within fifteen (15) days file an amended and supplemental complaint for declaratory relief. If such amended and supplemental complaint be not filed on or before September 16, 1957, the said motions for summary judgment are granted as to the second cause of action.

''The reasons for the foregoing ruling are: It appears from the affidavits and the file in [the condemnation case], which is incorporated in the affidavits by reference, that the State [which is not a party in the instant action] has taken possession of all of the subject property, and has duly completed or partially completed thereon the freeway in question. . . . *An injunction against erecting the freeway would now be useless* and plaintiff makes no showing whatsoever as to any right to relief in this action as against the Board of Public Works or its officers or the other state officers named.

''As to the first cause of action, the affidavits do not show any basis to enjoin the State [sic, City] from the construction of the freeway on the subject property as it does not show that the City has the power to construct, or contemplates the construction of, a freeway. Insofar as the allegation that there is collusion between the State and the City to permit the State to construct the freeway is concerned, that is a matter that would not *now* give any basis for an injunction, and the affidavits make it clear that the plaintiff does not have any cause of action for equitable relief other than a declaratory judgment.

''As the second cause of action is now framed, *it is clear that it would be useless to make a declaration of rights in accordance with the present complaint and the prayer, inasmuch as the taking of the property and erection of the freeway by the State is an accomplished fact.* The affidavits and the

file [in the condemnation case] . . . make it clear, however, that there is an actual controversy existing between the plaintiff and the defendant City as to whether or not the taking of the property by the State resulted in a reversion . . . with the consequence that the plaintiff would be entitled to all sums awarded in the condemnation action for the taking. Also, the controversy as to whether or not the act of the City in not contesting the right of the State to take the property, that is, not forcing the State to prove before an actual taking that the use of the property for a highway was a more necessary public use than its use as a park,[2] resulted in a breach of the trust under which the City held the property, and a consequent reversion of the whole of the property . . . or a reversion of that portion taken. . . .

"The evidence before me shows that there is a real question whether or not the City has in good faith contested the right of the State to take, and that there is a real question involved as to the effect of the taking. . . ." (Italics added.)

As above stated, plaintiff did not file an amended complaint, and judgment of dismissal was entered. The language of the order above quoted, coupled with the failure of the plaintiff to amend his complaint in the respects suggested by the court, present the pivotal issue on this appeal.

Defendants concede that it is the law of the case herein that the complaint states a cause of action (see *Griffith* v. *Department of Public Works* (1956), *supra,* 141 Cal.App.2d 376, 381 [1b]), and plaintiff as ground for reversal contends that the trial court erroneously readjudicated the sufficiency of the complaint and further erred by "adjudicating the merits of the case inasmuch as it appears from the affidavits that there are material facts in issue." The record indicates that this contention is without merit. As quoted hereinabove, plaintiff in his complaint prays for (1) an injunction prohibiting construction of the freeway, and (2) that the court "find and determine that . . . [the city] park lands may not be used for a freeway without the consent of the [city] Board of Recreation and Park Commissioners." ■ An injunction will not generally be issued to prohibit a completed act (*Blake* v. *City of Eureka* (1927), 201 Cal. 643, 661 [258 P. 945];

---

[2]Section 1240, subdivision 3, of the Code of Civil Procedure provides that property appropriated to a public use by a municipality may be condemned but "such property shall not be taken unless for a more necessary public use than that to which it has already been appropriated."

*People* v. *Paramount Citrus Assn.* (1957), 147 Cal.App.2d 399, 413 [12] [305 P.2d 135], and cases there cited), such as to prevent the opening of a street already opened (*Delger* v. *Johnson* (1872), 44 Cal. 182) or the erection of a building already built (*Gardner* v. *Stroever* (1889), 81 Cal. 148 [22 P. 483, 6 L.R.A. 90] ; see also 27 Cal.Jur.2d 124-125, and cases there cited). ■ It follows that the court was correct in its determination that an injunction against erecting the freeway here involved should not now issue. In further support of this view is the fact that the State of California, which is in possession of the property under court order in the condemnation case, is not a party to the present action.

■ The same is true with respect to the plaintiff's request for a declaration that the park lands may not be used for a freeway without the consent of the city Board of Recreation and Park Commissioners. The City defendants in their answer to the complaint admit that under the city charter they have no right to devote a portion of Griffith Park to freeway purposes without permission of the board, thus establishing that no controversy exists on this point; and the right of the state to condemn the lands for such purposes is determinable in the condemnation case to which the state itself is, of course, a party. Thus no declaration is necessary in the present action as to whether the consent of the board is or is not required before the park lands may be used for a freeway.

■ Plaintiff urges, further, that in view of the court's declaration in its above epitomized order that "The affidavits and the file [in the condemnation case] make it clear . . . that there is an actual controversy existing between the plaintiff and the defendant City as to whether or not the taking of the property by the State resulted in a reversion of the property taken," and that "These questions could not be litigated in the condemnation action, particularly as to whether or not there was a reversion as to all or part of the property taken," plaintiff is entitled to a trial of such questions on the merits and the court was obliged to deny the motion for summary judgment. As already noted, however, plaintiff does not by his complaint request a determination of his reversionary rights, and the court in its order expressly invited plaintiff to file an amended and supplemental complaint for declaratory relief, thereby to clarify his claims and demands. It was only upon plaintiff's failure to so amend within the 15-day period specified that the motion for summary judgment was granted

as to the declaratory relief aspects of the complaints. ▆ Plaintiff therefore, having elected not to articulate a claim as to his possible reversionary rights, the only issue open to him, is not in a position to complain.

For the reasons above stated the judgment is affirmed.

Gibson, C. J., Traynor, J., Spence, J., McComb, J., Peters, J., and Peek, J. pro tem.,* concurred.

Appellant's petition for a rehearing was denied December 2, 1959. Peek, J. pro tem.,* sat in place of White, J., who deemed himself disqualified.

*Assigned by Chairman of Judicial Council.