[Civ. No. 7975.   Fourth Dist., Div. One.   Dec. 9, 1966.]

ERNST & ERNST et al., Plaintiffs and Respondents, v. ROBERT J. CARLSON, Defendant and Appellant.

Thurman Arnold, Jr., for Defendant and Appellant.

Hillyer, Crake & Irwin and William Hillyer for Plaintiffs and Respondents.

FINLEY, J. pro tem.*—This is an appeal from a judgment permanently enjoining appellant from unfairly interfering with the advantageous business relations of respondents and their customers.

Respondent Ernst & Ernst is a firm of certified public accountants with respondent Clinton J. McCracken as one of the partners. Appellant also a C.P.A. located in New York responded to an employment offer placed by respondents in an accounting magazine. Following negotiations between the parties appellant was hired by respondents to handle their tax department, whereupon appellant moved to San Diego, California, and entered upon duties pursuant to which he was granted access to various tax files including those of Cubic Corporation, a client of respondents. In reviewing Cubic's file, appellant took exception to the previous treatment of certain items as long term capital gain rather than ordinary income. Upon bringing this matter to the attention of respondents' officers, a dispute arose concerning the propriety of so treating these items. Appellant was told that the matter had previously been submitted to Cubic and that their counsel had approved the procedure. However, the dispute continued and increased to the point where, after approximately three months of employment, appellant was discharged.

After his discharge, appellant filed charges with the California Labor Commission. These charges were dismissed after a hearing. Appellant then brought suit alleging breach of an employment contract and in connection therewith served respondents with a subpoena duces tecum requiring the production of many of its clients' files. The subpoena was quashed and the court ultimately entered judgment for respondents with costs.

Appellant remained in the San Diego area seeking employment. Cubic Corporation and some of the other firms whose files he had handled while working for respondents were among those solicited. His efforts failed. He purchased 100 shares of stock in Cubic Corporation and then through various means sought to call the corporation's attention to this questioned accounting procedure. He contacted Cubic's attorney concerning information contained in the S.E.C. registration statement and expressed the opinion that a stockholder could bring a suit against the corporation based upon this tax accounting procedure. He made telephone calls to the officers

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

of the corporation and wrote them letters regarding the procedure. He brought the matter up at a public stockholders' meeting where the local press was in attendance and wrote a letter to the S.E.C. At the trial he denied having contacted the Internal Revenue Service, but seems to admit in his brief that he did so.

The trial court found that appellant disclosed confidential information obtained while employed by respondents; that he attempted to embarrass respondents and interfere with their advantageous business and contractual relations. Based upon these findings, the court issued an injunction restraining appellant's future conduct.

■ Appellant's first charge of error is that the findings of the trial court do not support the judgment, since they fail to show that he had disclosed confidential information to a third person.

■ The granting of injunctive relief does not depend upon a finding by the court that the act complained of has been completed, since obviously an injunction will not be issued to restrain a completed act. (*Scott* v. *Scott,* 51 Cal.2d 249 [331 P.2d 641] ; *Griffith* v. *Department of Public Works,* 52 Cal.2d 848 [345 P.2d 469].) Rather, injunctive relief lies to prevent threatened injury or injury from past acts which is likely to recur. (*Rosicrucian Fellowship* v. *Rosicrucian etc. Church,* 39 Cal.2d 121 [245 P.2d 481].)

■ The trial court, in finding No. 17, said that appellant's conduct ''was an attempt on the part of the defendant [appellant] to interfere with the advantageous contractual relations of plaintiffs, by harrassing Cubic Corporation to the point where it would discharge plaintiffs as its accountants in order to rid itself of the embarrassment of the defendant's actions.'' This finding is supported by substantial evidence and is itself sufficient to support a judgment enjoining the appellant from any such future conduct.

Appellant then contends that this is not an area of conduct which is subject to injunctive relief. One of the reasons urged for this position is that there was no written or express contract between the parties relating to this phase of the relationship.

No such express agreement is necessary. ■ Any unwarranted disclosure of confidential information constitutes a breach of trust and equity will restrain any threatened disclosure or use thereof by an employee or former employee to the detriment of the employer. The character of the informa-

tion, if peculiar and important to the business, is not material. (*Riess* v. *Sanford*, 47 Cal.App.2d 244 [117 P.2d 694].)

Most of the cases discussed by the parties relate to trade secrets and the like, but the jurisdiction of equity is not so confined. In *Riess* v. *Sanford, supra,* 47 Cal.App.2d 244, 247, the following quotation appears, in approval of a similar statement from the opinion of Mr. Justice Holmes in *E. I. DuPont de Nemours Powder Co.* v. *Masland,* 244 U.S. 100, 102 [61 L.Ed. 1016, 37 S.Ct. 575] : ". . . that the 'starting point' is not property or due process of law but the confidential relation between the parties and that 'Whether the plaintiffs have any valuable secret or not, the defendant knows the facts, whatever they are, through a special confidence that he accepted. The property may be denied but the confidence cannot be. . . . The first thing to be made sure of is that the defendant shall not fraudulently abuse the trust reposed in him. It is the usual incident of confidential relations. If there is any disadvantage in the fact that he knew the plaintiffs' secrets, he must take the burden with the good.' "

Title 16 of the California Administrative Code, section 54, provides in part: "A certified public accountant or a public accountant shall not violate the confidential · relationship between himself and his client, or former client and no information obtained from a client in the course of employment shall be disclosed except with permission of the client or when required by judicial procedure."

Although no specific authority on the point has been brought to our attention, logic and a consideration of general principles of equity would seem to dictate that even though an accountant's client list would not necessarily be secret, an accountant's method or the details of practice in handling a client's business would or could reasonably be so considered. If a client relies upon and has confidence in the manner in which his or its accounts are handled by an accounting firm, it of a certainty lies beyond the fair and ethical scope of an employee of the firm, after discharge or severance of employment with the firm, to attempt to discredit his employer and destroy the client's confidence in the proper handling of its accounts. It is a matter of common knowledge that controversy exists among accountants as to the proper manner of treating many accounting features, just as lawyers, judges and the courts disagree as to the proper handling of legal matters. It is not enough to say, as appellant suggests here, that wrongdoing should be exposed. Whether an act is *ex delicto* or merely an

error of judgment is also the subject of wide difference of opinion. Nothing in this case indicates other than a mere and honest difference of opinion between appellant and respondents concerning the proper handling of some of Cubic's emoluments. The fact, even if it be so, that the Department of Internal Revenue is investigating this item of respondents' practice does not connote an attempted tax evasion.

■ It is also urged that the court erred in allowing respondents to answer questions concerning the prior litigation before the Labor Commissioner and the civil action by appellant against respondents.

Respondents testified that appellant had brought charges before the Labor Commissioner and that they were ultimately dismissed and that a civil action was brought in which the appellant sought to subpoena many records, tax returns and confidential documents belonging to respondents' clients.

This evidence was properly admitted as going to the general scheme and plan of appellant.

■ Even if such evidence is erroneous, it was not prejudicial, since there was ample independent evidence to support the judgment, and it is not the function of this court to presume that the trial court relied upon testimony erroneously admitted. (*Jaffe* v. *Vitz*, 84 Cal.App.2d 810 [191 P.2d 802].)

The judgment is affirmed.

Brown, P. J., and Coughlin, J., concurred.