[Civ. No. 26757. First Dist., Div. One. Jan. 14, 1971.]

CAL FRANCISCO INVESTMENT CORPORATION,
Plaintiff and Appellant, v.
MILTON VRIONIS, Defendant and Respondent.

## COUNSEL

Jackson & Schoonbrood and Jay Jackson for Plaintiff and Appellant.

Scampini, Mortara & Ertola, Scampini, Mortara & Harris and Haig A. Harris, Jr., for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—This is an appeal from an order dismissing plaintiff's action following its election to stand on the first amended complaint without amendment.

Following the court's sustaining of a special demurrer to plaintiff's original complaint on the grounds of improper joinder of separate causes of action and uncertainty, plaintiff, Cal Francisco Investment Corporation, doing business as West Coast Properties, filed an amended complaint for damages against defendant, Milton Vrionis. This complaint, in substance, alleged the misappropriation by defendant of certain trade secrets of plaintiff,

In count I plaintiff, a licensed real estate broker, alleged that on or about August 31, 1961, it employed defendant as a real estate salesman which employment continued through January 29, 1968; that during his employment defendant in confidence was furnished information concerning certain trade secrets not known to plaintiff's competitors and which gave plaintiff an advantage over its competitors, specifically, that plaintiff had procured a listing for sale of a certain 24-unit apartment building located in San Francisco and had procured a financing commitment from San Francisco Federal Savings & Loan Association and that Quentin Johnson was a prospective purchaser of such property; that following defendant's leaving plaintiff's employ, defendant using said information effected a sale of the apartment house to Johnson utilizing the financing commitment; and that plaintiff had been damaged as a result in an amount in excess of $25,000.

Count II alleged that pursuant to a written contract of employment entered into by plaintiff and defendant in which it was agreed that "Sales-

man shall not after the termination of this contract use to his own advantage, or the advantage of any other person or corporation, any information gained for or from the files or business of Broker," defendant was under a duty not to use plaintiff's trade secrets to his own advantage.

Count III, substantially the same as count I, alleged the misappropriation by defendant of another trade secret of plaintiff's, a listing of a certain 18-unit apartment building, the terms of the listing and the knowledge that Quentin Johnson was a prospective purchaser. The amended complaint alleged the sale by defendant of this property to Johnson following the termination of his employment with plaintiff. Count IV, as count II, alleged a contractual duty on the part of defendant not to disclose this trade secret.

Defendant's general demurrer to all four counts on the ground that none of the counts stated facts sufficient to constitute a cause of action against defendant was sustained with leave to amend the complaint "to state a cause of action for a real estate commission under the written contract between plaintiff and defendant." Plaintiff electing to stand on its amended complaint, the order dismissing the action was entered, and this appeal followed.

Since plaintiff was given leave to amend its first amended complaint and failed to do so, it must be assumed that it has stated its case as strongly as it was possible for it to do. (*Sierra Investment Corp.* v. *County of Sacramento,* 252 Cal.App.2d 339, 341 [60 Cal.Rptr. 519]; *Morris* v. *Toy Box,* 204 Cal.App.2d 468, 474 [22 Cal.Rptr. 572].) Upon such a failure to amend, this court is only required to determine whether, as a matter of law, the unamended complaint states a cause of action. (*Lowman* v. *Stafford,* 226 Cal.App.2d 31, 35 [37 Cal.Rptr. 681].)

Appellant contends that its complaint sufficiently states a cause of action for damages for defendant's wrongful use of plaintiff's trade secrets, i.e., real estate listings, which defendant was under a duty not to use for his own benefit. No cause of action is set forth in the amended complaint on the theory that defendant breached his employment contract nor is that theory argued here on appeal.

"One who seeks protection against the use or disclosure of a trade secret must plead facts showing (1) the existence of subject matter which is capable of protection as a trade secret; (2) the secret was disclosed to the defendant, . . . under circumstances giving rise to a contractual or other legally imposed obligation on the part of the disclosee not to use or disclose the secret to the detriment of the discloser; and (3) if the defendant is an employee or former employee of the plaintiff . . . the facts

alleged must also show that the public policy in favor of the protection of the complainant's interest in maintaining the secret outweighs the interest of the employee in using his knowledge to support himself in other employment. . . ." (*Diodes, Inc.* v. *Franzen,* 260 Cal.App.2d 244, 250 [67 Cal. Rptr. 19].)

Here, plaintiff has pleaded facts showing that the real estate listings were disclosed to defendant under circumstances giving rise to a contractual obligation on the part of defendant not to use them. However, whether plaintiff's complaint may stand as against defendant's demurrer must turn on whether or not real estate listings are capable of protection as trade secrets and whether public policy, in light of the present law, favors their protection.

"A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." (Rest., Torts, § 757, com. (b); see also *Diodes, Inc.* v. *Franzen, supra,* 260 Cal.App.2d 244, 251; *Ungar Electric Tools, Inc.* v. *Sid Ungar Co., Inc.,* 192 Cal.App.2d 398, 403 [13 Cal.Rptr. 268].) Although the nature of a trade secret is somewhat nebulous, a characteristic common to those secrets which have found protection from disclosure and use by the courts is the need for their continued use by the former employer in order to maintain a competitive advantage over others. (See *Riess* v. *Sanford,* 47 Cal.App.2d 244, 246-247 [117 P.2d 694]; Witkin, Summary of Cal. Law (1960) p. 2839, and cases cited therein.)

The Restatement, Torts, section 757, comment (b), distinguishes between secret information used in a single transaction and that needed on a continuing basis. "It [trade secret] differs from other secret information in a business . . . in that it is not simply information as to single or ephemeral events in the conduct of the business, as, for example, the amount or other terms of a secret bid for a contract or the salary of certain employees, or the security investments made or contemplated, or the date fixed for the announcement of a new policy or for bringing out a new model or the like. A trade secret is a process or device for continuous use in the operation of the business. Generally it relates to the production of goods, as, for example, a machine or formula for the production of an article."

In the pleading before us there is no allegation by plaintiff that the real estate listings alleged to be trade secrets were necessary for the continued operation of its business or that the use of this information by a former employee would result in a loss of patronage by those persons who gave the listings to plaintiff in the first place or the prospective purchaser, Johnson. In *Continental Car-Na-Var Corp.* v. *Moseley,* 24 Cal.2d

104 [148 P.2d 9], plaintiff employer, in the business of manufacturing, producing, buying and selling compounds for the treatment of floors, sought to enjoin a former employee from using information compiled by him consisting of the names, addresses and purchases of plaintiff's products on the basis that such information was either "confidential" or a "trade secret." The court there held (p. 109) that the case was readily distinguishable from the "route" cases in that no showing had been made that in the normal course of events plaintiff would have continued to sell to any of its customers on the list. The court stated, "In the case of a salesman in a commercial field, there is no assurance of an order unless he can satisfy the customer that his merchandise is better, cheaper or more salable than that of his competitor. . . . Each sale is a distinct transaction, not necessarily implying that another will follow."

We note that as in the sale of products each sale of real estate is a distinct transaction. There is no certainty that a sale will follow a listing, or that another listing will follow, or even that the seller or buyer will have need for the further services of the broker. Further patronage of the broker by a buyer or seller of real property will ordinarily depend on whether the broker can satisfy the buyer or seller that it will adequately service them in buying or selling their properties under satisfactory financial terms.

 Public policy favors the right of an individual to pursue any calling, business or profession. "A former employee has the right to engage in a competitive business for himself and to enter into competition with his former employer, even for the business of those who had formerly been the customers of his former employer, provided such competition is fairly and legally conducted. . . ." (*Continental Car-Na-Var Corp.* v. *Moseley, supra,* 24 Cal.2d 104, 110.) This right may be limited by the employee himself upon entering into an employment contract such as was alleged in the amended complaint here. However, plaintiff was given an opportunity to amend its complaint so as to allege a breach of this contract and by its refusal to do so it must be presumed that it stated its case as strongly as possible.

The order dismissing plaintiff's action must be affirmed.

Affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 9, 1971.