955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darren BEAN, a minor by his conservator Danielle Bean;
Danielle Bean; Marcene Zettel; Michael Richard Zettel;
Thomas Christian Zettel; John Scott Zettel; Gregory
Charles Zettel, Plaintiffs-Appellants,
v.
TRAVELAIR INSURANCE COMPANY, LTD.; Beech Aircraft
Corporation, Defendants-Appellees.
 No. 91-55132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1992.
Decided Feb. 19, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs, the heirs of Bruce Bean and Richard Zettel, ("Heirs") appeal the district court's decision granting summary judgment in favor of defendants on the ground that Kansas law does not recognize the cause of action asserted by the Heirs. The Heirs contend that the district court erred in holding that Kansas rather than California provides the controlling rule of law in this case. We affirm.
 
 
 3
 In diversity actions such as this one, federal courts must apply the choice-of-law rules of the forum state. Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 (9th Cir.1987). To ascertain the controlling law when a choice-of-law question has been properly presented, California applies "governmental interest" analysis. Id. Under this approach,
 
 
 4
 the court must first determine if the laws of the two jurisdictions differ. If they do differ, the court should determine whether both states have an interest in applying their respective law. If only one state has an interest, there is no "true conflict" of laws and the court should apply the law of the interested jurisdiction. If both states have an interest in having their differing laws applied, a true conflict arises; in that case the court should apply the law of the state whose interest would be more impaired if its laws were not applied.
 
 
 5
 Id.; accord Offshore Rental Co. v. Continental Oil Co., 583 P.2d 721, 723-27 (Cal.1978).
 
 
 6
 There can be no dispute that the laws of Kansas and California differ on whether a third party may sue an insurer for failing to settle a claim against its insured. Contrary to the parties' various contentions, we find that both states have an interest in seeing their respective law applied in this case.
 
 
 7
 Kansas, in declining to recognize the kind of action established in Royal Globe Ins. Co. v. Superior Court, 592 P.2d 329 (Cal.1979), overruled, Moradi-Shalal v. Fireman's Fund Ins. Cos., 758 P.2d 58 (Cal.1988), legitimately seeks to protect both its insurers from having to defend against such actions and its insureds from having to pay higher premiums. See Denham v. Farmers Ins. Co., 262 Cal.Rptr. 146, 148 (Cal.Ct.App.1989) (discussing Nevada's refusal to recognize Royal Globe-type action); Zimmerman v. Allstate Ins. Co., 224 Cal.Rptr. 917, 920 (Cal.Ct.App.1986) (same, with respect to Oklahoma).
 
 
 8
 While conceding that Kansas has an interest in protecting local insurers such as Travelair, the Heirs contend that Kansas lacks a cognizable interest in protecting Beech from higher premiums because Beech does business in many states. Kansas, however, is Beech's principal place of business. Beech is not simply a foreign corporation, as it was with respect to New Mexico, nor is it merely licensed to do business in Kansas, cf. Pacific Diamond Co. v. Superior Court, 149 Cal.Rptr. 813, 816 n. 1 (Cal.Ct.App.1978) (stating that California has no interest for choice-of-law purposes in protecting a company that does business throughout the world and merely has a license to do business in California).
 
 
 9
 Contrary to defendants' assertion, California also has an interest in seeing its law applied to this case. In establishing the Royal Globe cause of action, California demonstrated a legitimate interest in regulating the practices of insurers within the state. Denham, 262 Cal.Rptr. at 148; Zimmerman, 224 Cal.Rptr. at 919. Even if Travelair does not do insurance business in California, California's interest in regulating the state's insurance industry extends to regulating out-of-state insurers involved in litigation in the state's courts, at least where the suit can properly be brought in California. By subjecting such insurers to the deterrent effect of Royal Globe, California provides additional incentive to settle meritorious cases pending in the state's courts. The state thereby protects its courts, and those who must pay for them, from the costs of unreasonably protracted litigation.
 
 
 10
 Because a "true" conflict exists between the laws of Kansas and California, this case boils down to the question whether the district court erred when it reassessed the effect of California's decision to overrule Royal Globe in selecting Kansas law as governing this case. We think not. In Denham, the California Court of Appeal declared that "California's interest in applying its law is clearly not as strong as it would be had Royal Globe not been overruled." 262 Cal.Rptr. at 149. Furthermore, in overruling Royal Globe, the California Supreme Court relied in part on the trend in other states rejecting similar causes of action. Moradi-Shalal, 758 P.2d at 63-64, 68. The Moradi-Shalal court also set forth several alternative means by which the state's policy of regulating insurers could be effected, including administrative remedies and common law actions. Id. at 68-69.[1] Thus, the governmental interests of Kansas would be comparatively more impaired by application of California law than would the governmental interests of California by application of Kansas law. The judgment of the district court is
 
 AFFIRMED.[2]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Contrary to the Heirs' assertion, the fact that statutes of limitations may have run on some of these alternative means does not preclude their consideration in making a choice of law. Nor do we consider relevant the Heirs' assertions that the situs of the injury in this case has not been determined. The Heirs do not contend that additional discovery was necessary or that a choice of law cannot be made without knowing the situs of the injury. Indeed, the California Supreme Court has noted that "the law of the place of the wrong is not necessarily the applicable law for all tort actions." Offshore Rental, 583 P.2d at 728
 
 
 [2]
 We do not consider the Heirs' contention, raised for the first time in their reply brief, that it is unfair to permit defendants to assert that Kansas law controls this case. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990)