
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN NICHOLS,

               Plaintiff-counter-defendant-
               Appellant,

  v.

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

               Defendant-counter claimant -
               Appellee.

No. 10-55650

D.C. No. 09-01068 VAP (CWx)

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 16, 2011
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and MILLS,[**]
District Judge.

John Nichols appeals the district court's entry of summary judgment in favor

of Northwestern Mutual Life Insurance Company.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

U.S.C. § 1291. We review de novo, *see Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), and we affirm.

I.

Nichols brought this diversity action against Northwestern Mutual after the insurance company rescinded his disability policy and reformed his life insurance policy. He sought damages, attorney's fees, costs, and declaratory relief based upon the following claims: (1) breach of contract; (2) fraud; (3) breach of implied covenant of good faith and fair dealing; and (4) intentional infliction of emotional distress. Northwestern Mutual lodged a counterclaim against Nichols seeking rescission of the policy.

The district court granted summary judgment to Northwestern Mutual both on its rescission counterclaim, and on all of Nichols' claims.

II.

From August 2001 to the end of 2006, Nichols saw his chiropractor, Dr. Rodney Cross, in excess of 100 times, seeking treatment primarily for tension headaches, neck pain, and lower back pain.

In addition, Nichols was involved in an automobile accident in December 2004, and visited Dr. Cross complaining of neck pain, lower back pain, and tingling in both hands and both feet. At Dr. Cross' request, Nichols' neck was x-

2

rayed.

However, while applying for life and disability insurance with Northwestern Mutual over the course of several months in 2007, Nichols provided information at odds with his significant chiropractic treatment. He signed a medical history questionnaire, indicating (1) that he had not consulted a chiropractor in the previous five years; (2) that in the previous ten years he had not had, been told he had, or been tested or treated for "headaches or any problem, disease or disorder of the brain or nervous system"; (3) that in the previous ten years he had not had, been told he had, or been tested or treated for "any pain, problem, disease or disorder of the muscles, bones, joints, spine, back, neck or extremities"; and (4) that in the previous five years he had not had "any diagnostic studies (EKG, x-ray, blood tests or any other)." Nichols also denied receiving chiropractic treatment in other application documents.

We conclude that Northwestern Mutual had a right to rescind the disability insurance policy and reform the life insurance policy because Nichols repeatedly made false representations and concealed material information in the application process. *See O'Riordan v. Kemper Fed. Life Assurance*, 36 Cal. 4th 281, 286-87 (2005). Nichols' declarations regarding his health history were material, and he had an obligation to communicate this information to Northwestern Mutual. *See*

3

Cal. Ins. Code § 332.

Nichols' explanations for why he submitted incorrect information–the questions were asked too quickly, he did not read the forms before signing them, he did not think he had a disorder, and that he had just had a blood test–are unavailing. The district court correctly determined that Nichols failed to raise a triable issue of material fact on this issue.

We are not persuaded by Nichols' claim that Northwestern Mutual waived its right to rescind because it had notice of his chiropractic treatment. At a preliminary "getting acquainted" meeting, Nichols told his insurance agent that he had seen a chiropractor since college for health maintenance. In addition, viewing the facts in the light most favorable to Nichols, he told a Northwestern Mutual employee Dr. Cross' name and the date of his last chiropractic appointment in a telephone interview that took place during the application process.

Waiver is an affirmative defense, upon which Nichols bears the burden of proof, and he has to show a genuine issue of material fact regarding waiver to defeat summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The district court correctly held that these limited revelations of chiropractic visits for routine maintenance did not "distinctly imply" that Nichols had a lengthy history of headaches and back pain and extensive chiropractic treatment. *See* Cal.

Ins. Code § 336; *West Coast Life Ins. v. Ward*, 132 Cal. App. 4th 181, 188 (2005).

III.

There is a conflict between California and Oregon law regarding the implied covenant of good faith and fair dealing. While California recognizes the implied covenant of good faith and fair dealing in relation to first party insurance disputes, Oregon does not. *Compare Employers' Fire Ins. Co. v. Love It Ice Cream Co.*, 64 Or. App. 784, 791 (1983), *with Century Sur. Co. v. Polisso*, 139 Cal. App. 4th 922, 948-49 (2006). (The parties agree that there is no material difference between Oregon and California law on the remaining claims, and we, like the district court, have used California law in analyzing those claims.)

We look to California choice of law rules to determine whether to apply the laws of California or Oregon to the good faith and fair dealing claim. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (federal courts sitting in diversity apply the choice of law rules of the forum state).

California uses governmental interest analysis, applying the law of the jurisdiction whose interest would be more impaired if its law is not applied. *See Wash. Mut. Bank v. Superior Ct.*, 24 Cal. 4th 906, 915, 920 (2001); *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 610 (9th Cir. 2010). California's interest is in protecting the rights of its resident, while Oregon's interest is seeing

5

that its laws are applied to Oregon insurance contracts.

Nichols was an Oregon resident, he used an Oregon agent, the application process and medical examination occurred in Oregon, the policy was issued in Oregon, the policy states that Oregon law controls, and Nichols suffered the injury giving rise to his disability claim in Oregon.

We hold that Oregon law applies, because its interests would be more greatly impaired if California's law was applied. *See Zimmerman v. Allstate Ins. Co.*, 179 Cal. App. 3d 840, 847 (1986). Accordingly, Northwestern Mutual is entitled to summary judgment on the claim of breach of the implied covenant of good faith and fair dealing. *See Employers' Fire Ins. Co.*, 64 Or. App. at 791.

IV.

Nichols' breach of contract claim fails because once it is determined that the policy was properly rescinded the contract is extinguished and Nichols can no longer recover under it. *See* Cal. Civ. Code § 1688; *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 184 (1988)

The district court properly found that Nichols failed to demonstrate facts that would establish the elements of his fraud claim. *See Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001).

Northwestern Mutual is entitled to summary judgment on the intentional

infliction of emotional distress claim.  Given our determination that Northwestern Mutual was entitled to rescind the policy, its denial of benefits cannot be classified as "extreme and outrageous conduct."  *See Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991).

**AFFIRMED.**



FILED

JUN 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Nichols v. Northwestern Mut. Life Ins. Co.*, **No. 10-55650**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.