HOSKING, APPELLEE, *v.* THE HOLLAENDER MANUFACTURING CO., APPELLANT.

(No. 8930—Decided June 5, 1961.)

*Mr. Albert Castellini,* for appellee.
*Messrs. Cors, Hair & Hartsock,* for appellant.

HILDEBRANT, J.  This is an appeal on questions of law direct from the Cincinnati Municipal Court, wherein plaintiff, appellee herein, sought to recover the compensation provided for in an employment contract between the parties for a 60-day termination period after his discharge by defendant, appellant herein, for cause.

Plaintiff recovered a verdict at the hands of a jury of six for a portion of his claim, after deducting his earnings from other employment during the period.

Defendant's motions for new trial and judgment *non obstante veredicto* were overruled.

A careful examination of the voluminous record of over 200 pages, together with numerous exhibits, reveals that defendant company is in the business of manufacturing plumbing specialties, including structural pipe fittings and rail fittings of various kinds and of exclusive patented design created by the inventive genius of its president, and that it operates throughout the United States.

The important question in this case is whether the com-

pany was justified in discharging the plaintiff. The universal rule applicable here is set forth in 35 American Jurisprudence, 470, Section 36, which states:

"Even though one's services are engaged by another for a definite term, the employer may discharge him for good cause during the term of the employment without incurring liability for breach of contract. This is true even where the contract of employment stipulates that the employee shall be retained in the service during the term of his life. In other words, an employee rightfully discharged for incompetency, misconduct, or other reason forfeits the balance of his pay which might have been due him after the fulfillment of his contract * * *."

It is stated further in Section 40, at page 473, *Ib.*:

"While if a contract of employment is general in regard to the term of employment the employer may terminate it at will without incurring liability to the employee for the discharge, where an employee is engaged for a definite term of employment, the employer, in order to justify a dismissal of the employee during the agreed term, must be able to show a breach on the part of the employee of some express or implied provision of the contract of service. The implied provisions of such a contract are violated when the servant does something inconsistent with the relation of master and servant or incompatible with the due and faithful performance of his duties. As typical of the causes or reasons which will justify the dismissal of an employee before termination of the contract of employment may be mentioned neglect of duty * * * dishonesty * * * unfaithfulness to the employer's interests * * * in short, anything which indicates unfitness for the service for which the employee was engaged."

The plaintiff's own testimony reveals that in his application for employment, made at the time of his original and first employment by defendant company, he misstated the amount of salary he had received at three or four previous places of employment and grossly exaggerated the same; in his own testimony, he admits that he submitted a false expense account by including motel and meal and incidental expense therewith when, in truth and in fact, he had not incurred such expense;

and, in the guise of acting within the scope of his employment, he obtained from defendant's own patent attorney information as to modes of circumscribing defendant's design patents and, acting upon such confidential information and concealing such action from the defendant, he produced fittings competitive to defendant's products and organized a company to manufacture the same.

A supplier of patterns to defendant company testified that plaintiff enjoined him to secrecy on requesting patterns for his own use of a design, circumscribing defendant's patents.

It is therefore abundantly clear, so that reasonable minds may not differ, that plaintiff was unfaithful to his employer's interests and engaged in activities actually injurious thereto.

This case bears remarkable similarity, as to the effect of plaintiff's own testimony, to *Dayton Rubber Mfg. Co.* v. *Brown,* 116 Ohio St., 373, decided upon the authority of *Beckman* v. *Garrett,* 66 Ohio St., 136, wherein the syllabus is:

"To justify the discharge of an employee before the expiration of the term of employment, it is sufficient for the employer to show that the employee was guilty of a default in duty whose natural tendency was to injure his business, and actual injury thereto need not be shown."

Upon the authority of the cases cited, *supra,* the judgment will be reversed and final judgment entered for the defendant.

*Judgment reversed.*

Long, P. J., and O'Connell, J., concur.